**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**MICHAEL LOZOWSKY,**

                                **Plaintiff,**

                **-against-**

**PLANET AUTOMALL, INC., et al.,**

                               **Defendants.**
-------------------------------------------------------------x

**MEMORANDUM, ORDER AND JUDGMENT**

**07-CV-3684 (RLM)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

On June 29, 2009, this Court issued Findings of Fact and Conclusions of Law directing that the complaint of plaintiff Michael Lozowsky ("Lozowsky") be dismissed and that judgment be entered in favor of defendant M&T Bank Corporation ("M&T Bank") on its counterclaim, in an amount to be determined following further submissions by the parties. See generally Findings of Fact & Conclusions of Law (June 29, 2009), ECF Docket Entry ("D.E.") # 35. M&T Bank has since submitted a certification of amounts due on its counterclaim. See Certification of Amounts Due on Counterclaim (July 9, 2009) ("7/9/09 Certification"), D.E. # 36, *as amended by* Amended Certification of Amounts Due on Counterclaim (July 13, 2009) ("7/13/09 Am. Certification"), D.E. # 38. Lozowsky, although afforded the opportunity, has filed no response to M&T Bank's submissions.

For the reasons that follow, this Court enters judgment in favor of M&T Bank on its counterclaim in the amount of $59,493.52, plus $8,963.37 in prejudgment interest, and post-judgment interest calculated in accordance with 28 U.S.C. § 1916(a).

**DISCUSSION**

**I. Damages**

The Court assumes familiarity with its Findings of Fact and Conclusions of Law of June 29, 2009. In its certification of amounts due on its counterclaim, M&T Bank submits that the amounts financed pursuant to the two financing agreements were $22,999.01 for the Infiniti, and $29,687.55 for the Lexus, and that Lozowksy has not made any payments on the loans. See 7/9/09 Certification ¶¶ 3-4. These amounts are consistent with those stipulated to by the parties in their Joint Pretrial Order ("JPTO"). See JPTO, D.E. #25, at 2-3. M&T Bank additionally claims (1) late charges in the amounts of $303.08 and $486.15 stemming from Lozowsky's failure to make payments pursuant to the Infiniti and Lexus financing agreements, respectively; (2) contractual interest accruing at the rate of $7.08 per day on the Infiniti loan and at the rate of $8.94 per day on the Lexus loan;[1] and (3) $619.09 and $829.94 in repossession costs for the Infiniti and Lexus,[2] respectively.[3] See 7/9/09 Certification ¶¶ 4-5.

Having reviewed the record, this Court is satisfied that M&T Bank's certification of amounts owed on its counterclaim is accurate, except in one material respect: M&T Bank's calculation of contractual interest, which assumes that such interest continues to accrue. See

---

[1] These amounts are also consistent with those stipulated to by the parties in the JPTO. See JPTO, at 2-3.

[2] Pursuant to the two financing agreements, Lozowsky agreed to pay the costs of repossession. See Ex. C, Additional Terms & Conditions ¶ 16(g); Ex. C-2, Additional Terms & Conditions ¶ 16(g). ("Ex." refers to exhibits entered into evidence at trial.) The vehicles have remained in escrow pending the outcome of this litigation. See 7/9/09 Certification ¶ 5.

[3] Initially, M&T Bank also sought attorney's fees and costs. See 7/9/09 Certification ¶ 6. M&T Bank has since withdrawn that request. See 7/13/09 Am. Certification ¶¶ 2-3.

7/9/09 Certification ¶ 6. Significantly, however, the financing agreements on which M&T Bank sued contain acceleration clauses. See Ex. C, Additional Terms & Conditions, ¶ 16(a); Ex. C-2, Additional Terms & Conditions, ¶ 16(a). "The normal consequence of acceleration is that interest payments that would have been due in the future are no longer due, because, after acceleration, the entire principal is immediately due and owing; in other words, future interest payments are 'unearned' because the creditor is no longer loaning the debtor the principal." Capital Ventures Int'l v. Republic of Argentina, 552 F.3d 289, 296 (2d Cir. 2009) (collecting cases). Accordingly, this Court concludes that contractual interest on both of the financing agreements ceased to accrue on the date M&T Bank demanded accelerated payment, i.e., November 26, 2007, by asserting its counterclaim for breach of contract against Lozowsky. See Matter of LHD Realty Corp., 726 F.2d 327, 331 (7th Cir. 1984) (where, as here, lender has the option to accelerate, lender exercises the option by demonstrating an unmistakable intention to do so, such as by filing suit) (citing Rosenthal, The Role of Courts of Equity in Preventing Acceleration Predicated Upon a Mortgagor's Inadvertent Default, 22 Syracuse L.Rev. 897, 899 n.8 (1971); 446 W. 44th St., Inc. v. Riverland Holding Corp., 44 N.Y.S.2d 766, 768 (1st Dep't 1943)) (cited with approval in Capital Ventures, 552 F.3d at 296).

Accordingly, on the Infiniti transaction, M&T Bank is entitled to contractual interest in the amount of $2,074.44, representing interest at the rate of $7.08 per diem beginning on the date of the execution of the Infiniti financing agreement, February 6, 2007, and running through the date M&T Bank asserted its counterclaim, November 26, 2007 (for a total of 293 days, exclusive of the end date).

On the Lexus transaction, M&T Bank is entitled to contractual interest in the amount of $2,494.26, representing interest at the rate of $8.94 per diem beginning on the date of the execution of the Lexus financing agreement, February 20, 2007, and running through the date M&T Bank asserted its counterclaim, November 26, 2007 (for a total of 279 days, exclusive of the end date).

Accordingly, and for the foregoing reasons, this Court enters judgment in favor of M&T Bank on its counterclaim as follows: (1) $25,995.62 on the Infiniti transaction, representing $22,999.01 in outstanding principal, $2,074.44 in contractual interest, $303.08 in late charges, and $619.09 in repossession costs; and (2) $33,497.90 on the Lexus transaction, representing $29,687.55 in outstanding principal, $2,494.26 in contractual interest, $486.15 in late charges, and $829.94 in repossession costs. Adding these amounts together results in contract damages totaling $59,493.52.

## II. Prejudgment Interest

In New York, "'prejudgment interest is normally recoverable as a matter of right in an action at law for breach of contract.'" Graham v. James, 144 F.3d 229, 239 (2d Cir. 1998) (quoting Adams v. Lindblad Travel, Inc., 730 F.2d 89, 93 (2d Cir.1984)); see also N.Y.C.P.L.R. § 5001(a). Prejudgment "[i]nterest [is] computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred." See id. § 5001(b). Where, as here, a party fails to make contractual interest payments prior to acceleration of the principal of the loans, prejudgment interest should be awarded on those amounts. See Capital Ventures, 552 F.3d at 296.

The parties have not proposed a date from which prejudgment interest should be calculated. In order to avoid recovery of both contractual interest and prejudgment interest on the same principal, see id., this Court concludes that the date of acceleration, November 26, 2007, is the appropriate date from which to calculate prejudgment interest on both the Infiniti and Lexus transactions.

Pursuant to New York law, prejudgment interest is computed at a rate of nine percent per year. See N.Y.C.P.L.R. § 5004. Applying the statutory rate, M&T Bank is entitled to $8,963.37 in prejudgment interest, representing interest on its award of $59,493.52 in the amount of $14.67 per day from November 26, 2007, through entry of final judgment in this case, i.e., today (for a total of 611 days, exclusive of the end date).

## CONCLUSION

For all of the foregoing reasons, the Clerk of the Court is directed to dismiss Lozowsky's complaint and to enter judgment in favor of M&T Bank on its counterclaim in the amount of $59,493.52, plus $8,963.37 in prejudgment interest and post-judgment interest calculated in accordance with 28 U.S.C. § 1916(a).

The Clerk of the Court is directed to close this case.

    **SO ORDERED.**

**Dated:   Brooklyn, New York
           July 29, 2009**

           **ROANNE L. MANN
           UNITED STATES MAGISTRATE JUDGE**